UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KAREN SLOAN,

    Plaintiff,

                                              CASE NO.:

vs.

THE PLANTATION AT LEESBURG
HOMEOWNERS ASSOCIATION, INC., a
Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN SLOAN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, THE PLANTATION AT LEESBURG HOMEOWNERS ASSOCIATION, INC., ("Defendant") and in support thereof states as follows:

### INTRODUCTION

This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.* and the Florida Civil Rights Act ("FCRA"), Sect. 760.01, *et seq.*, Fla. Stat. to recover back pay, front pay in lieu of reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant is a Florida not for profit corporation, licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant maintained an office and conducted business in Lake County, Florida.

2. According to Florida's Division of Corporations Defendant lists its principal address as 25201 US Highway 27, Leesburg, Florida 34748.

3. At all times material to this cause of action Plaintiff worked for Defendant at its Lake County location.

4. Plaintiff is an adult individual who resides in Lake County, Florida.

5. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. Defendant is and was at the time of all incidents described herein, operating in Lake County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this court.

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 9th, 2018. On May 31st, 2019 the EEOC issued a right-to-sue letter. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant beginning in approximately June 2001 until the date of her termination on or about January 31st, 2018.

10. Throughout her employment with Defendant, Plaintiff held the title of publisher/web master

11. As a publisher/web master for Defendant, Plaintiff managed Defendant's website, developed a monthly newsletter, responded to emails from residents, and generated revenue by selling advertisements in the monthly newsletter.

12. Plaintiff worked at Defendant's property until her disability prevented her from working on site.

13. Plaintiff has been diagnosed with fibromyalgia and as a result suffers chronic pain.

14. Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues. Fibromyalgia amplifies painful sensations by affecting the way your brain processes pain signals.

15. Treatment for fibromyalgia can include physical therapy, occupational therapy and counseling.

16. In approximately 2013, Plaintiff's fibromyalgia began preventing her from working at Defendant's office.

17. As a result, Plaintiff provided a doctor's note to her manager, Dennis Latiak ("Latiak"), in which she sought reasonable accommodations under the ADAAA.

18. Specifically, Plaintiff requested that Defendant allow her to work remotely from home.

19. At that time, Plaintiff fully disclosed her disability to Defendant.

20. Plaintiff's manager, Latiak, granted the request and thereafter Plaintiff worked remotely from home.

21. In or about March 2016, Latiak retired and Dennis Masch ("Masch") took over the management position for Defendant.

22. In 2017 Masch hired Lee Graffius ("Graffius") to share in Plaintiff's job responsibilities.

23. Defendant immediately began to leave Plaintiff out of important meetings and discussions related to her job responsibilities.

24. At the same time, Graffius began making decisions unilaterally and without Plaintiff's input or collaboration.

25. On or about January 23, 2018, Masch informed Plaintiff that she must start working at the office despite previously being allowed to work from home without any issues or problems since 2013.

26. In response, Plaintiff informed Masch that due to her fibromyalgia, she was requesting continued accommodations under the ADAAA and continue to work remotely.

27. On January 31st, 2018, Plaintiff was terminated for alleged insubordination related to being unable to work at the office.

28. Defendant failed to engage in the interactive process in an effort to determine whether Plaintiff could continue working remotely as requested under the ADAAA.

29. Defendant ignored Plaintiff's request for a reasonable accommodation.

30. Defendant discriminated against Plaintiff for her actual and/or perceived disabilities.

31. Defendant failed to accommodate Plaintiff's needs despite having previously done so without issue for several years prior to Masch taking over the management position.

32. Plaintiff could have continued to perform the essential duties of her job had Defendant accommodated her request.

33. Defendant's violations of the FCRA and ADAAA were willful and perpetrated with malice or reckless indifference to the law(s).

34. Plaintiff seeks all remedies available in law and equity.

## COUNT I
### Disability/Perceived Disability Discrimination Under the FCRA

35. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

36. Plaintiff was a qualified individual with a disability.

37. Plaintiff was perceived as disabled by Defendant.

38. Defendant was Plaintiff's employer as defined by the FCRA.

39. Defendant discriminated against Plaintiff by terminating her due to her disability in violation of the FCRA.

40. Defendant had actual or constructive knowledge of the discriminatory conduct.

41. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

42. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

43. Defendant's violations of the FCRA were willful.

44. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff KAREN SLOAN prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;
   b. Interest on back pay and benefits;
   c. Front pay and benefits and/or lost earning capacity;
   d. Compensatory damages for emotional pain and suffering;
   e. Injunctive relief;
   f. Prejudgment interest;
   g. Declaratory judgment that Defendant's practices violate the FCRA;
   h. Costs and attorney's fees; and
   i. Such other relief as the Court may deem just and proper.

## COUNT II
### Failure to Accommodate Under the FCRA

45. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

46. Plaintiff was a qualified individual with a disability.

47. Defendant was Plaintiff's employer as defined by the FCRA.

48. Plaintiff's medical condition substantially limited one or more of her major life activities. As such Plaintiff required accommodations to continue to perform the essential duties of her position.

49. The accommodations requested by Plaintiff were reasonable and would not impose undue hardship on Defendant.

50. Defendant refused to accommodate Plaintiff, and did not engage in the interactive process to determine if an accommodation was warranted.

51. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

52. Defendant's conduct violated Plaintiff's right to be free from discrimination guaranteed by the FCRA.

53. Defendant's violations of the FCRA were willful.

54. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff KAREN SLOAN prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the FCRA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## COUNT III
### Disability/Perceived Disability Discrimination Under the ADAAA

55. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if fully set forth herein.

56. Plaintiff was a qualified individual with a disability.

57. Plaintiff was perceived as disabled by Defendant

58. Defendant was Plaintiff's employer as defined by the ADAAA.

59. Defendant discriminated/retaliated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

60. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her need to work remotely from home.

61. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct.

62. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

63. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

65. Defendant's violations of the ADAAA were willful.

66. Plaintiff is entitled to recover her attorney's fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff KAREN SLOAN prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

COUNT IV
Disability/Perceived Disability
Discrimination Under the ADAAA

67. Plaintiff realleges and adopts the allegations of paragraphs 1-34 above as if

fully set forth herein.

68. Plaintiff was a qualified individual with a disability.

69. Defendant was Plaintiff's employer as defined by the ADAAA.

70. Plaintiff's medical condition substantially limited one or more of her major life activities. As such, Plaintiff required accommodation to continue to perform the essential duties of her position.

71. The accommodations requested by Plaintiff were reasonable and would not impose undue hardship on Defendant.

72. Defendant refused to accommodate Plaintiff, and did not engage in the interactive process to determine if an accommodation was warranted.

73. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

74. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

75. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

76. Defendant's violations of the ADAAA were willful.

77. Plaintiff is entitled to recover her attorney's fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff KAREN SLOAN prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 2 day of August, 2019.

Respectfully submitted,

_____
Matthew R. Gunter, ESQ.
Fla. Bar No. 0077459
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 236-0946
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
*Trial Counsel for Plaintiff*